**In re: AEGON USA, INC., SUPPLEMENTAL CANCER INSURANCE LITIGATION.**

**MDL No. 1962.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 11, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants Life Investors Insurance Co. of America, Transamerica Life Insurance Co., and AEGON USA, Inc., have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Eastern District of Arkansas. This litigation currently consists of seven actions: two actions in the Eastern District of Arkansas, two actions in the Western District of Arkansas, and one action each in the Northern District of Mississippi, the Western District of Pennsylvania, and the Middle District of Tennessee, as listed on Schedule A.[1]

Responding plaintiffs take varying positions on both centralization and transferee district. Plaintiffs in the Eastern District of Arkansas *Pipes* and Western District of Arkansas *Runyan* actions support centralization in the Eastern District of Arkansas, but also suggest, in the alternative, either the Northern District of Mississippi or the Middle District of Tennessee. Plaintiffs in the following four actions oppose centralization: Eastern District of Arkansas *Adams,* Northern District of Mississippi *Wright,* Western District of Pennsylvania *Smith,* and Middle District of Tennessee

1. The Panel has been notified of seven additional related actions.

*Gooch.* If the Panel nevertheless orders centralization, the *Adams* and *Gooch* plaintiffs favor selection of the Middle District of Tennessee as transferee district, while the *Wright* plaintiffs favor either the Northern District of Mississippi or the Middle District of Tennessee.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. The seven actions in this litigation primarily involve the proper interpretation of the term "actual charges" in certain "Cancer Only" insurance policies issued by defendants. The key issue is thus legal rather than factual, and the need for extensive overlapping discovery appears unlikely. To the extent that the actions share questions of fact, the proponents of centralization have failed to convince us that those questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these seven actions is denied.

### SCHEDULE A

MDL No. 1962 — IN RE: AEGON USA, INC., SUPPLEMENTAL CANCER INSURANCE LITIGATION

*Eastern District of Arkansas*

*Dwight Pipes, et al. v. Life Investors Insurance Co. of America,* C.A. No. 1:07–35

*Denise J. Adams v. Life Investors Insurance Co. of America,* C.A. No. 2:07–154

*Western District of Arkansas*

*Vicki Mitchell v. Life Investors Insurance Co. of America,* C.A. No. 4:07–4084

*Edison Runyan v. Transamerica Life Insurance Co., et al.,* C.A. No. 6:08–6034

*Northern District of Mississippi*

*Lynwood N. Wright, et al. v. Life Investors Insurance Co. of America,* C.A. No. 2:08–3

*Western District of Pennsylvania*

*William E. Smith, et al. v. Life Investors Insurance Co. of America,* C.A. No. 2:07–681

*Middle District of Tennessee*

*Anthony E. Gooch v. Life Investors Insurance Co. of America, et al.,* C.A. No. 1:07–16